UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **LONG POINT ENERGY, LLC,** | : | |
| Plaintiff, | : | Case No. 2:24-cv-1673 |
| v. | | Chief Judge Sarah D. Morrison |
| | | Magistrate Judge Kimberly A. Jolson |
| **GULFPORT APPALACHIA, LLC,** *et al.*, | : | |
| Defendants. | | |

## OPINION AND ORDER

This matter arises out of a long and ongoing dispute over certain oil and gas rights to several tracts of land in Belmont County, Ohio.

The dispute began in the lawsuit filed in September 2020 by Long Point Energy, LLC, against the surface owners[1] and several business entities that obtained oil and gas leases from those owners[2] (*Long Point I*). In that case, this Court dismissed Long Point's claims involving the 80-acre and 118-acre tracts of land for lack of subject matter jurisdiction under the Rooker Feldman doctrine.[3] *Long Point*, 2023 WL 2652378, at *6–7. Although *Long Point I*, was recently

---

[1] The surface owners are Michael A. Perkins, Jill E. Perkins, Mitchell G. Perkins, Dedra D. Perkins, Phillip J. Perkins, Jackie M. Perkins, and Nancy L. Garrison (the "Perkins Defendants"). (Compl., at PAGEID # 1136–1137.)

[2] Rice Drilling D, LLC, and Gulfport Appalachia, LLC obtained leases from the Perkins Defendants (the "Lessee Defendants"). (*Id.*)

[3] In *Long Point I*, there were three tracts of real property at issue. *See Long Point Energy, LLC v. Gulfport Energy Corp.*, No. 2:20-CV-4644, 2023 WL 2652378, at *1 (S.D. Ohio Mar. 27, 2023) reconsideration denied, No. 2:20-CV-4644, 2023 WL 5318030, at *1 (S.D. Ohio July 17, 2023), rev'd and remanded on other grounds, No. 23-3680, 2025 WL 76249, at *3 (6th Cir. Jan. 10, 2025).

remanded by the Sixth Circuit, the dismissal of Long Point's claims on these two tracts were left undisturbed. *Long Point*, 2025 WL 76249, at *1.

On April 26, 2023, Long Point brought this action in state court to address the claims dismissed for lack of subject matter jurisdiction in *Long Point I*. (Compl., ECF No. 5.) When counterclaims and crossclaims were filed in state court, the Lessee Defendants filed a Notice of Removal. (Not. Removal, ECF No. 1.) The Perkins Defendants did not consent to removal.

Now before the Court is Lessee Defendants' Motion to Sever and Remand certain claims. (Mot., ECF No. 2.) The Perkins Defendants opposed the Motion and filed their own Motion to Remand the entire action. (ECF No. 26.) Long Point has not responded to either motion.

## I.  PROCEDURAL HISTORY FOR THIS CASE

Long Point filed this case in the Belmont County, Ohio Court of Common Pleas, bringing nine causes of action. (Compl.) It alleges it owns certain rights to the 80-acre and 118-acre tracts, but the Perkins Defendants maintain that they are the true owners. (*Id.*) Lessee Defendants have obtained oil and gas leases from the Perkins Defendants. (*Id.*)

Long Point is incorporated and has its principal place of business in Texas. (*Id.*, at ¶ 1.) Gulfport is incorporated in Delaware and has its principal place of business in Oklahoma, and Rice Drilling is incorporated in Delaware and has its principal place of business in Pennsylvania. (*Id.*, at ¶¶ 2–3.) The Perkins Defendants are Ohio residents. (*Id.*, at ¶¶ 4–7.)

II.     MOTION TO REMAND

    A.     STANDARD OF REVIEW

Federal courts are "courts of limited jurisdiction" that "possess only that power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Under 28 U.S.C. § 1332, federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 … and is between … citizens of different States[.]"

"[A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A defendant who removes a case to federal court carries the burden of establishing federal jurisdiction. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871–72 (6th Cir. 2000). "The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." *Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 210 (6th Cir. 2004); *Total Quality Logistics, LLC v. Summit Logistics Grp., LLC*, 606 F. Supp. 3d 743, 747 (S.D. Ohio 2022) (Cole, J.). "[F]ederal courts must construe the removal statutes strictly, resolving all doubts in favor of remand." *Kim v. Lee*, No. 1:21-CV-613, 2021 WL 5494326, at *1 (S.D. Ohio Nov. 23, 2021) (Cole, J.) (citing *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir.

3

1999)). Even if not raised by the parties, a court must assure itself of subject matter jurisdiction in a removal case. S*hophar v. Kan. Dep't of Children & Families*, No. 18-CV-1787, 2019 U.S. App. LEXIS 2996, at *5 (6th Cir. Jan. 29, 2019); 28 U.S.C. § 1447(c).

### B. ANALYSIS

Sections 1441(a), 1441(c), and 1446(b) of Title 28 of the United States Code allow a defendant to remove a civil action that was originally filed in state court under certain circumstances. In its Notice of Removal, Lessee Defendants indicated that they were removing the case based on diversity jurisdiction; they cited 28 U.S.C. § 1332 and stated that their Notice was filed pursuant to §§ 1441(a) and 1446(b). (Not. Removal.) In their Motion to Sever and Remand, Lessee Defendants rely on § 1441(c). (Mot.)

#### 1. Removal is improper under 28 U.S.C. § 1441(a).

Under § 1441(a), any civil action brought in state court may be removed by the defendant(s) to a district court that has original jurisdiction over the action. 28 U.S.C. § 1441(a). Original jurisdiction turns on whether the plaintiff could have originally brought its claims in federal court, either because it raises federal claims or because the claims fall within the court's diversity jurisdiction. *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 441 (2019). This requires a court to consider the plaintiff's complaint. *Id.*; *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 462 (6th Cir. 2002).

Of course, a crossclaim is not part of a plaintiff's complaint. Rather, a crossclaim is "a claim by one party against a co-party arising out of the same

4

transaction which forms the subject matter of the original action." *White v. Hughes*, 409 F. Supp. 1005, 1007–1008 (W.D. Tenn 1975) (citing F.R.C.P. Rule 13(g)). Removal under § 1441(a) cannot be based on a crossclaim. *First Nat'l Bank of Pulaski*, 301 F.3d at 462; Home Depot, 587 U.S. at 441.

As the Lessee Defendants admit, this Court did not have original jurisdiction over Long Point's complaint. In *Long Point I*, the Court held that Long Point's claims related to the 80-acre and 118-acre tracts were barred by the Rooker Feldman doctrine, so the Court lacked subject matter jurisdiction. Long Point then appropriately filed those claims in State court. Lessee Defendants argue they can remove the Perkins Defendants' crossclaims under § 1441(a), but they cannot.

### 2.  Removal is improper under 28 U.S.C. § 1441(c).

28 U.S.C. § 1441(c) allows for removal when there are multiple claims joined by the plaintiff and at least one claim arising under federal question jurisdiction is removable, but at least one claim is not removable. 28 U.S.C. § 1441(c). In such a circumstance, a court may then sever and remand the non-removable claim:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c).

To remove under this section, there are several procedural requirements. First, like § 1441(a), the Court is limited to considering only the claims joined by the plaintiff(s). *See First Nat'l Bank of Pulaski*, 301 F.3d at 465 (the term "joined" in the

5

statute applies only to the claims joined by the plaintiff in the original state court action.) Second, the removable claim must be a separate and independent cause of action. 28 U.S.C. § 1441(c). And third, the removable claim must arise under federal question jurisdiction. *Fyffe v. Evans Food Grp., Ltd.*, 718 F. Supp. 3d 729, 732 (S.D. Ohio 2024) (Barrett, J.) None of these requirements are met.

The Perkins Defendants' crossclaims were neither joined by Long Point nor a separate or independent cause of action. Crossclaims are "merely incidental or collateral to the main action," and they cannot be the basis for removal under § 1441(c). *White*, 409 F. Supp. at 1008; *De La Cruz v. Glabman*, No. 05-21920, 2005 U.S. Dist. LEXIS 64112, at *8–9 (S.D. Fla. Oct. 3. 2005); *MTI Residential Services v. Alston*, No. 07-CV-2002, 2007 WL 1695161, at *3 (E.D.N.Y. May 31, 2007). And removal under §1441(c) cannot be based on diversity jurisdiction. Thus, removal by § 1441(c) is improper.

### 3. Removal is improper under 28 U.S.C. § 1446(b).

Turning to 28 U.S.C. § 1446(b), this removal statute requires a court to consider if the plaintiff took any action that made the suit removable after it filed the original complaint. "If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). But as with the other removal statutes, "[a] defendant's crossclaim is not a voluntary act of the plaintiff and cannot serve as the foundation for removal." *Collins & Blaha, P.C. v. Shanaberger*,

6

No. 95-CV-7355, 1995 WL 871201, at *2 (E.D. Mich. Nov. 16, 1995) (citing W*hite*, 409 F. Supp. at 1008).

Lessee Defendants argue that this action became removable when the Perkins Defendants filed their crossclaims. (Not. Removal, ¶ 12.) It did not. Removal under § 1446(b) is improper.

Accordingly, the Perkins Defendants' Motion to Remand is **GRANTED**. Lessee Defendants' Motion to Sever and Remand is **DENIED**.

### III. OTHER MOTIONS

Because the entire action is remanded, the Court **DEFERS** resolution of the other pending motions (ECF Nos. 6, 7, 13, 19) for consideration by the state court.

### IV. CONCLUSION

The Perkins Defendants' Motion to Remand (ECF No. 26) is **GRANTED**, and Lessee Defendants' Motion to Sever and Remand (ECF No. 2) is **DENIED**.

This matter is hereby **REMANDED** in its entirety to the Belmont County Court of Common Pleas.

The Clerk is **DIRECTED** to terminate this case on the docket.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE
UNITED STATES DISTRICT COURT**